IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

THE OHIO CASUALTY INSURANCE )
COMPANY, )
)
   Plaintiff, )  No. 03-1037-CV-ODS
)
vs. )
)
ALBERS MEDICAL, INC., et al., )
)
   Defendants. )

**PLAINTIFF THE OHIO CASUALTY INSURANCE COMPANY'S SUGGESTIONS IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS
DUTY TO DEFEND DEFENDANT ALBERS MEDICAL, INC.
AGAINST THE PFIZER LITIGATION**

Robert W. Cockerham  #31984
T. Michael Ward   #32816
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 – Facsimile

Attorneys for Plaintiff
The Ohio Casualty Insurance Company

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES                                                    ii

INTRODUCTION                                                            1

STATEMENT OF FACTS                                                      2

LAW AND ARGUMENT                                                        2

A.   Ohio Casualty has no duty to defend Albers against the Pfizer
     action because Pfizer's Second Amended Complaint does not allege
     any facts that give rise to a claim potentially covered by the Ohio
     Casualty policies.                                                 2

     1.   Introduction                                                  2

     2.   The Pfizer Action                                             4

     3.   The "Four Corners" Test                                       5

          a.   No "Occurrence"                                          5

          b.   No "Bodily Injury"                                       6

          c.   No "Property Damage"                                     7

          d.   No "Personal and Advertising Injury"                     9

          e.   Injunctive Relief and Disgorgement                      10

          f.   Punitive Damages                                        12

     4.   The Ohio Casualty Umbrella Policy                            12

CONCLUSION                                                             13

CERTIFICATE OF SERVICE                                                 14

Case 4:03-cv-01037-ODS   Document 76   Filed 05/16/05   Page 2 of 21

Page

**Cases:**

*American States Ins. Co. v. Vortherms,*

      5 S.W.3d 538 (Mo. Ct. App. 1999)    10, 11

*Angelina Cas. Co. v. Pattonville-Bridgeton Terrace Fire Protection Dist.,* 706

      S.W.2d 483 (Mo. Ct. App. 1986)    3, 6

*Auto Club Family Ins. Co. v. Jacobsen,*

      19 S.W.3d 178 (Mo. Ct. App. 2000)    3

*Bank of the West v. Superior Court,*

      833 P.2d 545 (Cal. 1992)    11

*City of Poplar Bluff v. New Amsterdam Cas. Co.,*

      386 F.2d 172 (8th Cir. 1967)    3

*Columbia Mut. Ins. Co. v. Schauf,*

      967 S.W.2d 74 (Mo. banc 1998)    6

*Elliott v. National Fire Ins. Co. of Hartford,*

      922 S.W.2d 791 (Mo. Ct. App. 1996)    6

*Esicorp, Inc. v. Liberty Mut. Ins. Co.,*

      193 F.3d 966 (8th Cir. 1999)    2

Case 4:03-cv-01037-ODS   Document 76   Filed 05/16/05   Page 3 of 21

*Esicorp, Inc. v. Liberty Mut. Ins. Co.,*

    266 F.3d 859 (8th Cir. 2001)          7

*Feed Store, Inc. v. Reliance Ins. Co.,*

    774 S.W.2d 73 (Tex. Ct. App. 1989)          11

*Heartland Stores, Inc. v. Royal Ins. Co.,*

    815 S.W.2d 39 (Mo. Ct. App. 1991)          12

*Ira E. Berry, Inc. v. American States Ins. Co.,*

    563 S.W.2d 514 (Mo. Ct. App. 1978)          11, 12

*Keating v. National Union Fire Ins. Co. of Pittsburgh, PA,*

    995 F.2d 154 (9th Cir. 1993)          8

*L. Ray Packing Co. v. Commercial Union Ins. Co.,*

    469 A.2d 832 (Me. 1983)          8

*Lazzara Oil Co. v. Columbia Cas. Co.,*

    683 F.Supp. 777 (M.D. Fla. 1988)          8

*Macalco, Inc. v. Gulf Ins. Co.,*

    550 S.W.2d 883 (Mo. Ct. App. 1977)          12

*McCormack Baron Mgmt. Services, Inc. v. American Guar. & Liab. Ins. Co.,*

    989 S.W.2d 168 (Mo. banc 1999)          3, 9

Case 4:03-cv-01037-ODS   Document 76   Filed 05/16/05   Page 4 of 21

*Royal Ins. Co. of America v. Kirksville College of Osteopathic Medicine, Inc.,*

    304 F.3d 804 (8th Cir. 2002)    3

*Schnuck Markets, Inc. v. Transamerica Ins. Co.,*

    652 S.W.2d 206 (Mo. Ct. App. 1983)    12

*St. Paul Fire & Marine Ins. Co. v. Lippincott,*

    287 F.3d 703 (8th Cir. 2002)    7

*Superior Equip. Co., Inc. v. Maryland Cas. Co.,*

    986 S.W.2d 477 (Mo. Ct. App. 1998)    3

*Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co.,*

    829 S.W.2d 270 (Tex. Ct. App. 1992)    8

*Travelers Ins. Co. v. Cole,*

    631 S.W.2d 661 (Mo. Ct. App. 1982)    3

*Travelers Ins. Cos. v. Penda Corp.,*

    974 F.2d 823 (7th Cir. 1992)    7

*Waller v. Truck Ins. Exchange, Inc.,*

    900 P.2d 619 (Cal. 1995)    8

*West v. Jacobs,*

    790 S.W.2d 475 (Mo. Ct. App. 1990)    6

**Other Authorities:**

Barry R. Ostrager and Thomas R. Newman, Handbook on
     Insurance Coverage Disputes (9th ed. 1998)        8, 11

Case 4:03-cv-01037-ODS   Document 76   Filed 05/16/05   Page 6 of 21

Plaintiff The Ohio Casualty Insurance Company ("Ohio Casualty") requests the Court to declare as a matter of law that Ohio Casualty has no duty to defend Albers Medical, Inc., and Albers Medical Distributors, Inc. (collectively "Albers") against the lawsuit filed by Pfizer Overseas Pharmaceuticals, Pfizer Inc., and Pfizer Ireland Pharmaceuticals (collectively "Pfizer") in the United States District Court for the Western District of Missouri, being Case No. 03-00489-CV-W-ODS (W.D. Mo.). Pfizer, in its Second Amended Complaint, has alleged claims against Albers for federal trademark counterfeiting and infringement, federal false designation of origin, federal trademark dilution, common-law trademark infringement and unfair competition, and dilution and injury to business reputation. Pfizer seeks temporary, preliminary and permanent injunctive relief, damages, and other relief relating to the acts of Albers (and others) in distributing and selling prescription pharmaceutical products bearing counterfeits, reproductions, and copies of Pfizer's federally registered trademarks LIPITOR® and PFIZER® and the PFIZER logo design mark.

Ohio Casualty requests the Court to determine whether Ohio Casualty, as a third-party liability insurer, has a duty to defend Albers against the Pfizer action in which Albers is alleged to have engaged in the willful, deliberate, and intentional sale and distribution of counterfeit LIPITOR product. No fact questions are presented by Ohio Casualty's Motion. Ohio Casualty's defense obligation is determined by the "four corners" test. If the underlying claims against Albers fall within the "four corners" of its policies, Ohio Casualty

1

has a duty to defend.  If not, Ohio Casualty has no defense obligation as a matter of law.

Here, the underlying Pfizer claims do not trigger Ohio Casualty's duty to defend. Pfizer, in its Second Amended Complaint, pleads no potentially covered claims for damages for "bodily injury", "property damage", or "personal and advertising injury", which are preconditions for coverage under the Ohio Casualty policies.  Instead, Pfizer alleges exclusively claims based on Albers' intentional wrongdoing in the sale and distribution of counterfeit LIPITOR and seeks the recovery of economic damages, injunctive relief, and other damages for which the Ohio Casualty policies afford no coverage. Therefore, Ohio Casualty is entitled to a declaration as a matter of law that it has no duty to defend Albers against the Pfizer action.

### STATEMENT OF FACTS

For its Statement of Facts, Ohio Casualty incorporates by reference the Statement of Undisputed Facts set forth in its Motion for Partial Summary Judgment as if set forth herein.

### LAW AND ARGUMENT

**A.   Ohio Casualty has no duty to defend Albers against the Pfizer action because Pfizer's Second Amended Complaint does not allege any facts that give rise to a claim potentially covered by the Ohio Casualty policies.**

### 1.   Introduction

As a liability insurer, Ohio Casualty owes two distinct duties to its insured, the duty to defend and the duty to indemnify.  *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 193 F.3d 966, 969 (8th Cir. 1999).  An insurer's defense obligation is determined by comparing the policy's

2

language to the allegations in the complaint filed against the insured. *McCormack Baron Mgmt. Services, Inc. v. American Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999); *Auto Club Family Ins. Co. v. Jacobsen*, 19 S.W.3d 178, 182 (Mo. Ct. App. 2000). The presence of a potentially covered claim gives rise to a duty to defend. *Superior Equip. Co., Inc. v. Maryland Cas. Co.*, 986 S.W.2d 477, 481-82 (Mo. Ct. App. 1998); *Royal Ins. Co. of America v. Kirksville College of Osteopathic Medicine, Inc.*, 304 F.3d 804, 807 (8th Cir. 2002). However, when the underlying complaint alleges no facts within the policy's coverage, no defense obligation devolves upon the insurer. *Travelers Ins. Co. v. Cole,* 631 S.W.2d 661, 665 (Mo. Ct. App. 1982).

The Court's determination of Ohio Casualty's defense obligation is a question of law. The determination implicates no fact questions. To determine Ohio Casualty's defense obligation, the Court need only examine the allegations in Pfizer's Second Amended Complaint and decide whether, if proven, those allegations would establish an injury the Ohio Casualty policies cover. The Court's focus is exclusively on the allegations pleaded against Albers and the policy language. *City of Poplar Bluff v. New Amsterdam Cas. Co.*, 386 F.2d 172, 174 (8th Cir. 1967); *Superior Equip. Co., Inc.,* 986 S.W.2d at 481. Unless Ohio Casualty's defense obligation appears on the face of the Pfizer complaint and the policies, Ohio Casualty has no duty to defend. *Angelina Cas. Co. v. Pattonville-Bridgeton Terrace Fire Protection Dist.*, 706 S.W.2d 483, 484 (Mo. Ct. App. 1986).

Analysis of Ohio Casualty's defense obligation begins with an examination of Pfizer's claims. A review of Pfizer's Second Amended Complaint follows:

3

## 2. The Pfizer Litigation

The Pfizer litigation is framed by Pfizer's Second Amended Complaint. (Ex. 1; A1-25.) Pfizer's complaint is divided into six causes of action, of which five are alleged against Albers: (1) federal trademark counterfeiting and infringement; (2) federal false designation of origin; (3) federal trademark dilution; (4) common-law trademark infringement and unfair competition; and (5) dilution and injury to business reputation. (*Id*.)

In each cause of action against Albers, Pfizer alleges Albers' conduct was intentional.

- "[D]efendants' infringement of Pfizer's federally registered LIPITOR mark . . . has been willful and deliberate, occurred with defendants' knowledge or willful disregard of the counterfeit nature of the products at issue, . . . ." (Ex.1, ¶ 52; A15.)

- "Defendants' activities "constitute willful and intentional counterfeiting and infringement. . . ."  (Ex. 1, ¶ 53; A15.)

- "[D]efendants' acts of false designation of origin have been done willfully and deliberately. . . ."  (Ex. 1, ¶ 57; A16.)

- "[D]efendants' willful and intentional conduct, . . . , has diluted and is diluting the distinctive quality of Pfizer's famous LIPITOR mark . . . ."  (Ex. 1, ¶ 62; A16.)

- "As a direct and proximate result of the foregoing willful and deliberate [common law trademark infringement and unfair competition] by defendants, plaintiffs have been irreparably injured…."  (Ex. 1, ¶ 68; A17-18.)

4

- "Defendants' willful and intentional conduct, . . . , has diluted and is diluting the distinctive quality of Pfizer's LIPITOR mark . . . ." (Ex. 1, ¶ 72; A18.)

Pfizer also seeks temporary, preliminary, and permanent injunctive relief, damages, treble damages, punitive damages, corrective advertising, the disgorgement of profits, and other relief related to Albers' sale and distribution of counterfeit LIPITOR. (Ex. 1 at 20-23; A20-23.)

### 3. The "Four Corners" Test

Next compare the Pfizer claims with the terms of the Ohio Casualty policies. The primary policy is divided into two principal liability coverage parts, Coverage A and Coverage B. (Ex. 2; A26, A54, A58.) Under Coverage A, Ohio Casualty provides coverage for those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence." (*See* Ex. 2, Form CG 00 01 07 98; A54.)

Ohio Casualty has no duty to defend Albers against the Pfizer claims under Coverage A. Absent is any claim for damage because of "bodily injury" or "property damage" resulting from an "occurrence".

### a. No "Occurrence"

Ohio Casualty's defense obligation is not triggered by Coverage A because Pfizer's allegations to do not present a potentially covered claim for damages caused by an "occurrence". A prerequisite for coverage under Coverage A is an "occurrence", which is defined as an "accident". (Ex. 2, Form CG 00 01 07 98; A66.) The term "accident" signifies

5

an event that takes place without the insured's intent or expectation. *West v. Jacobs*, 790 S.W.2d 475, 477 (Mo. Ct. App. 1990). It is an undesigned, sudden, and unexpected event. *Id*. The term embodies the purpose of liability insurance, which is to protect the insured against the unpredictable, potentially unlimited liability that can be caused by *accidentally* causing injury to third persons or their property. *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. banc 1998). Thus, where the claim is framed in terms of an intentional, and not a negligent, act, an insurer has no duty to defend because there is no potentially covered "occurrence". *Elliott v. National Fire Ins. Co. of Hartford*, 922 S.W.2d 791, 793 (Mo. Ct. App. 1996); *Angelina Cas. Co. v. Pattonville-Bridgeton Terrace Fire Protection Dist.*, 706 S.W.2d 483, 484-85 (Mo. Ct. App. 1986).

Here, absent in Pfizer's Second Amended Complaint are any allegations that Albers' conduct was negligent. Rather, in each of its claims against Albers, Pfizer has alleged that Albers engaged in deliberate, willful, and intentional misconduct in its sale and distribution of the counterfeit LIPITOR product. (Ex. 1. ¶¶ 52-53, 57, 62, 68, 72; A15-18.) Review of Pfizer's complaint shows there is nothing accidental about Albers' alleged conduct at issue in the Pfizer action.

### b.    No "Bodily Injury"

Ohio Casualty also has no duty under Coverage A to defend Albers against the Pfizer litigation because Pfizer alleges no claim for "bodily injury". The Ohio Casualty primary policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." (Ex. 2,

6

Form CG 83 30 07 99; A87[1].)  However, none of Pfizer's five causes of action against Albers seeks damages because of "bodily injury".  (Ex. 1; A1-25.)  No "bodily injury" claim is apparent from the face of the Pfizer complaint.

### c.    No "Property Damage"

The Pfizer complaint also does not trigger Ohio Casualty's defense obligation under Coverage A because Pfizer has not alleged a claim for "property damage".  The Ohio Casualty primary policy defines "property damage" as: "a. Physical injury to tangible property, including all resulting loss of use of that property. . . . , or b. Loss of use of tangible property that is not physically injured."  (Ex. 2, Form CG 00 01 07 98; A67.)

However, the Pfizer action does not seek damages because of physical injury to tangible property or the loss of use of tangible property that has not been physically injured.  (Ex. 1; A1-25.)  Indeed, to the extent Pfizer seeks money damages from Albers, Pfizer seeks damages for purely economic losses that do not qualify as "property damage". *See, e.g., St. Paul Fire & Marine Ins. Co. v. Lippincott*, 287 F.3d 703, 705-06 (8th Cir. 2002) (intangible economic loss caused by insured's negligent misrepresentations does not constitute covered "property damage"); *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 266 F.3d 859, 862-63 & n. 2 (8th Cir. 2001) (some physical injury to tangible property must be shown to trigger coverage); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 829 (7th Cir. 1992) ("future

---

[1] The Ohio Casualty umbrella policy, Exhibit 3 (A215), contains substantially the same coverage provisions as the primary policy.   The principal distinction for purposes of this motion is the umbrella policy's treatment of "personal and advertising injury" coverage. Whereas the primary policy combines this coverage into a single definition, the umbrella policy separately defines "personal injury" and "advertising injury".  (A66, A85, A234-35.)

7

profit and reputational damage are purely economic losses and beyond the coverage of the policy"); *Keating v. National Union Fire Ins. Co. of Pittsburgh, PA*, 995 F.2d 154, 156 (9th Cir. 1993) (economic loss is not damage to tangible property covered by liability insurance); *Lazzara Oil Co. v. Columbia Cas. Co.*, 683 F.Supp. 777, 780 (M.D. Fla. 1988), *aff'd without opinion*, 868 F.2d 1274 (11th Cir. 1989) (claims for recovery of economic losses under state and federal antitrust laws not covered); *Waller v. Truck Ins. Exchange, Inc.*, 900 P.2d 619, 633 (Cal. 1995) (liability insurance policies do not provide coverage for intangible property losses, including purely economic losses); *L. Ray Packing Co. v. Commercial Union Ins. Co.*, 469 A.2d 832, 835 (Me. 1983) ("mere economic damage in the nature of loss of investments, anticipated profits, and financial interests" is not covered "property damage"); and *Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co.*, 829 S.W.2d 270, 273 (Tex. Ct. App. 1992) (loss of use of investment and anticipated profits does not constitute property damage).  Therefore, Ohio Casualty has no duty to defend Albers against the Pfizer action under Coverage A.

### d.     No "Personal and Advertising Injury"

Coverage B of the Ohio Casualty primary policy provides coverage for injuries caused by the insured that involve claims for damages because of "personal and advertising injury".  Coverage B is limited to "personal and advertising injury" that arises out of one of the enumerated "personal and advertising injury" *offenses*.  (Ex. 2, Form CG 00 01 07 98 and Form CG 83 30 07 99; A58, A66, A85.)  Personal and advertising injury coverage is available only for unintended damage flowing from the commission of the enumerated offenses.  BARRY R. OSTRAGER AND THOMAS R. NEWMAN, HANDBOOK OF

8

INSURANCE COVERAGE DISPUTES § 7.04 (9th ed. 1998). Missouri's courts construe the term "offense" to include any claim that reasonably falls within the parameters of an enumerated offense. *McCormack Baron Mgm't Servs., Inc. v. American Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 171-73 (Mo. banc 1999).

The Ohio Casualty primary policy lists the following covered "personal and advertising injury" offenses: (a) False arrest, detention or imprisonment; (b) malicious prosecution or abuse of process; (c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d) oral, written, televised, videotaped or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (e) oral, written, televised, videotaped or electronic publication of material that violates a person's right of privacy; (f) the use of another's advertising idea in your "advertisement"; or (g) infringing upon another's copyright, trade dress or slogan in your "advertisement." (Ex. 2, Form CG 00 01 07 98, as modified by Form CG 83 30 07 99; A66, A85.)

Here, the claims pleaded in Pfizer's Second Amended Complaint do not trigger Ohio Casualty's defense obligation under Coverage B. None of Pfizer's pleaded causes of action for federal trademark counterfeiting and infringement, federal false designation of origin, federal trademark dilution, common-law trademark infringement and unfair competition, and dilution and injury to business reputation potentially fall within any of the specified offenses. (*See* Ex. 1; A1-25.) Absent are any pleaded claims for false arrest, malicious

9

prosecution, abuse of process, wrongful eviction, defamation, disparagement, or an invasion of a privacy right. (*Id*.) Nor is there a claim that Albers appropriated Pfizer's advertising ideas in Albers' advertisements. (*Id*.)

Ohio Casualty anticipates Albers may argue the Pfizer action triggers Ohio Casualty's defense obligation under Coverage B based on Pfizer's claim that Albers' conduct infringed upon Pfizer's trademarks. However, for such a claim to be covered under "personal and advertising injury" offense (g), the claim must arise from Albers' use of Pfizer's trade dress in an "advertisement". (Ex. 2, Form CG 00 01 07 98; A66.) The Ohio Casualty primary policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters." (Ex. 2, Form CG 00 01 07 98; A64.)

By its terms, "advertising injury" coverage is limited to liability resulting from the insured's widespread distribution of promotional material to the public at large. *American States Ins. Co. v. Vortherms*, 5 S.W.3d 538, 543-44 (Mo. Ct. App. 1999). Here, as there is no allegation in Pfizer's Second Amended Complaint that Albers infringed upon Pfizer's trade dress in an Albers advertisement, Pfizer's trademark claim does not trigger Ohio Casualty's defense obligation under Coverage B for "advertising injury"[2]. Absent are any allegations of a causal connection between Pfizer's alleged damages and any course of advertising

---

[2] The Ohio Casualty policies also contain exclusions for "personal injury and advertising injury" arising out of the failure of the insured's goods, products, or services to conform with any statement of quality or performance made in the insured's advertisement, amongst others. (See Ex. 2, Form CG 00 01 07 98; A58.)

10

engaged in by Albers.  *Id*. at 543-44.

### e.    Injunctive Relief and Disgorgement

Pfizer's Second Amended Complaint includes a prayer for injunctive relief and the disgorgement of profits.  These claims do not qualify as potentially covered claims for "personal injury" and "advertising injury."  As a matter of law, an injunction action alleging service-mark infringement does not trigger an insurer's duty to defend.  *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74-75 (Tex. Ct. App. 1989); BARRY R. OSTRAGER AND THOMAS R. NEWMAN, HANDBOOK OF INSURANCE COVERAGE DISPUTES § 7.04[b][6] (9th ed. 1998).  Similarly, a claim for the disgorgement of profits does not trigger coverage.  "When the law requires a wrongdoer to disgorge money or property acquired through a violation of the law, to permit the wrongdoer to transfer the cost of disgorgement to an insurer would eliminate the incentive for obeying the law" by allowing the wrongdoer to retain the proceeds of his illegal acts by shifting his loss to an insurer.  *Bank of the West v. Superior Court*, 833 P.2d 545, 555 (Cal. 1992).

Further, to the extent Pfizer seeks an order compelling Albers to recall the counterfeit LIPITOR that it sold and distributed, no coverage is triggered.  The Ohio Casualty policies, by their terms, exclude coverage for "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, . . . removal or disposal of [the insured's product] if such product, . . . is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition on it.  (See Ex. 2, CG 00 01 07 98; A58.)

11

As a matter of law, coverage is suspended whenever the operative facts of an exclusion come into being. *Macalco, Inc. v. Gulf Ins. Co.*, 550 S.W.2d 883, 892 (Mo. Ct. App. 1977). Thus, where an underlying complaint shows on its face the applicability of a policy exclusion, there is no duty to defend. *Ira E. Berry, Inc. v. American States Ins. Co.*, 563 S.W.2d 514, 516 (Mo. Ct. App. 1978).

### f.      Punitive Damages

Pfizer's Second Amended Complaint also includes a prayer for punitive damages. These damages are not potentially covered by the Ohio Casualty policies and, therefore, trigger no defense obligation. As a matter of law, exemplary damages are not covered by liability insurance under Missouri law. *Heartland Stores, Inc. v. Royal Ins. Co.*, 815 S.W.2d 39, 42-43 (Mo. Ct. App. 1991); *Schnuck Markets, Inc. v. Transamerica Ins. Co.*, 652 S.W.2d 206, 211-12 (Mo. Ct. App. 1983).

### 4.      The Ohio Casualty Umbrella Policy

Ohio Casualty is also entitled to a declaration that it owes no duty to defend Albers against the Pfizer litigation under the umbrella policy, which contains substantially the same terms as does its primary policy. (Ex. 3; A215.) Therefore, no defense obligation is triggered by the Pfizer action because no potentially covered claims for "bodily injury" (A224), "property damage" (A227), "personal injury" (A235), or "advertising injury" (A234) are alleged.

Plaintiff The Ohio Casualty Insurance Company respectfully requests the Court to enter partial summary judgment in its favor on its First Amended Complaint for Declaratory Judgment and on Defendant Albers Medical, Inc.'s Counterclaim and declare as a matter of law that Ohio Casualty has no duty to defend Albers Medical, Inc., and Albers Medical Distributors, Inc., against the Second Amended Complaint filed by Pfizer Overseas Pharmaceuticals, Pfizer Inc. and Pfizer Ireland Pharmaceuticals in Case No. 03-00489-CV-W-ODS (W.D. Mo.).

Respectfully submitted,


 /s/ T. Michael Ward
Robert W. Cockerham          #31984
T. Michael Ward              #32816
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 – Facsimile

Attorneys for Plaintiff
The Ohio Casualty Insurance Company

13

CERTIFICATE OF SERVICE

I hereby certify that on May 16th, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EDC system, which sent notification of such filing to the following:

Ms. Marie S. Woodbury
Mr. Joseph G. Mayte
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, Missouri 64108-2613

Attorneys for Defendant Pfizer Pharmaceuticals, Inc., et al.

Mr. Kenneth B. McClain
Mr. Scott A. Britton-Mehlisch
Humphrey, Farrington & McClain, P.C.
221 West Lexington, Suite 400
Independence, MO 64050

Attorneys for Defendants Paul and Cindy Dumas

Mr. David H. Anderson
Mr. Joshua D. Lee
Schiff, Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606-5600

Attorneys for Defendant H.D. Smith Wholesale Drug Company

Ms. Lisa Weixelman
Ms. Lauren E. Tucker McCubbin
Posinelli Shelton Welte Suelthaus, P.C.
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendants Albers Medical, Inc., et al.

Mr. Norman E. Siegel
Stueve Helder Siegel, L.L.C.
330 West 47th Street, Suite 250
Kansas City, Missouri 64112

Attorneys for Defendant Robert Frayer

Mr. Michael L. Mantula
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Two Pershing Square
2300 Main Street, Suite 900
Kansas City, Missouri  64108

Attorneys for Defendant H.D. Smith Wholesale Drug Company

14

In addition, I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-CM/ECF participants:

Mr. Steven R. Berman
Mr. Craig R. Spiegel
Hagens Berman, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Mr. Terrence Garmey
Ms. Sarah K. Hall
Smith Elliott Smith & Garmey, P.A.
P. O. Box 442
7 Custom House Street, 5th Floor
Portland, Maine 04112

Mr. Jeffrey L. Kodroff
Mr. John A. Macoretta
Mr. Simon Bahne Paris
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Mr. Thomas M. Sobol
Hagens Berman, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Attorneys for Defendants Paul and Cindy
Dumas

/s/ T. Michael Ward

15